RENDERED: APRIL 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0485-MR

CECIL WAYNE BARNETT AND
SALLY LOUISE BARNETT                                         APPELLANTS


                    APPEAL FROM HOPKINS CIRCUIT COURT
v.            HONORABLE CHRISTOPHER B. OGLESBY, JUDGE
                        ACTION NO. 21-CI-00293


KENTUCKY FARM BUREAU
MUTUAL INSURANCE COMPANY                                      APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, KAREM, AND TAYLOR, JUDGES.

KAREM, JUDGE: Cecil Wayne Barnett and Sally Louise Barnett appeal from a

Hopkins Circuit Court order granting summary judgment to Kentucky Farm

Bureau Mutual Insurance Company ("KFB"). At issue is whether their bad faith

claim under the Kentucky Unfair Claims Settlement Practices Act ("UCSPA"),

Kentucky Revised Statutes (KRS) 304.12-230, was untimely or without merit as a matter of law. Upon careful review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The Barnetts had insured their home in Madisonville with KFB since 2000. On July 30, 2018, they filed a claim alleging their house and property were damaged by mine subsidence. It is undisputed that their homeowners' policy with KFB contained an endorsement covering this type of loss. KFB retained Bowser Morner, Geotechnical Engineers, to investigate the Barnetts' claim. Bowser Morner's resulting report was authored by a geologist and an engineer who opined that the primary cause of the cracks observed in the Barnett residence was not ground movement induced by a mine subsidence event.

KFB sent the Barnetts a letter dated October 18, 2018, denying their claim on the basis of the Bowser Morner report. According to statements by KFB's attorney at the hearing, KFB would have had no monetary interest in denying the Barnetts' claim because the Kentucky Mine Subsidence Fund reimburses insurance companies for mine subsidence damages. *See* KRS 304.44-020 and KRS 304.44-050.

The Barnetts did not pursue the matter further until, approximately two and one-half years later, on April 14, 2021, they filed a complaint in Hopkins Circuit Court alleging that KFB had arbitrarily refused to compensate them for the

damage to their residence. The complaint also alleged that KFB's refusal to pay the claim constituted bad faith and violated the UCSPA.

KFB moved for summary judgment on the grounds that the Barnetts' complaint was untimely filed under a limitations clause found in their homeowners' policy, which states: "**Suit Against Us**. No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss." KFB argued that the Barnetts' contractual claims had to be dismissed for failure to bring suit within one year of the alleged mine subsidence reported on July 30, 2018. It further argued that the plaintiffs could not satisfy the prerequisites of a bad faith claim under the UCSPA, the first prong of which requires proof that the insurer was obligated to pay the claim under the terms of the policy. KFB contended that it was not obligated to pay the underlying claim both because it was not timely filed and because the experts had opined the damages to the Barnetts' home were not caused by mine subsidence.

The Barnetts responded that the appropriate limitations period for UCSPA claims was five years and that the one-year limitations period was contrary to public policy as an attempt to dilute and diminish the protections of the UCSPA.

Following a hearing, the circuit court entered an order granting summary judgment to KFB. This appeal by the Barnetts followed.

## STANDARD OF REVIEW

In reviewing a grant of summary judgment, our inquiry focuses on "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996); Kentucky Rules of Civil Procedure ("CR") 56.03. The trial court is required to view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991).

The circuit court's order granting summary judgment does not state the specific basis for its decision. We "will review the issue *de novo* because only legal questions and no factual findings are involved." *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004).

## ANALYSIS

On appeal, the Barnetts' arguments address only the dismissal of their claims of bad faith under the UCSPA. They proceed on the assumption that the circuit court granted summary judgment by applying the one-year limitations period found in their policy to bar these claims. They contend that UCSPA claims are subject to the five-year limitations period found in KRS 413.120(2) and that the circuit court's decision was contrary to the public policy underlying the UCSPA.

However, we need not delve into the legitimacy of this argument as the issue of whether they are able, as a matter of law, to state a claim under the USPCA is dispositive of this appeal.

A successful bad faith claim against an insurer, premised on common law or the UCSPA, requires the plaintiff to prove the following three elements set forth in *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993):

> (1) the insurer must be obligated to pay the claim under the terms of the policy;
>
> (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and
>
> (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) (citing *Wittmer*, 864 S.W.2d at 890).

KFB argues that it is impossible for the Barnetts to meet the first prong of the UCSPA claim because KFB was not contractually obligated to pay their claim under the terms of the policy once the one-year limitations period had passed. In other words, the Barnetts cannot meet the first prong of the *Wittmer* test because their underlying claim for breach of the insurance contract is not viable as untimely filed.

This argument has never been addressed by a Kentucky court, although we note that it was rejected in an unpublished opinion of the federal district court for the Eastern District of Kentucky to conclude that the plaintiffs' bad faith claim was not necessarily barred even if their underlying breach of contract claim was procedurally barred, because there was no finding that the insurer was not obligated to pay the plaintiffs' claim under the express provisions of the policy. "A finding that the claim is now time barred does not preclude the [plaintiffs] from arguing that [the insurer] indeed 1) had an obligation to pay the claims under the terms of the policy; 2) denied the claim without a reasonable basis; and 3) either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." *Barjuca v. State Farm Fire and Cas. Co.*, No. 5:11-CV-380-JMH-REW, 2013 WL 6631999, at *9 (E.D. Ky. Dec. 17, 2013) (quoting *Tennant v. Allstate Ins. Co.*, No. Civ.A. 04-54, 2006 WL 319046, at *8 (E.D. Ky. Feb. 10, 2006)).

We need not resolve this thorny question because even if the Barnetts' UCSPA claims were not time-barred, summary judgment was warranted because they failed to meet the minimal evidentiary standard for stating a claim of bad faith.

The evidentiary threshold to state a claim for bad faith has been described as "high indeed." *United Services Auto. Ass'n v. Bult*, 183 S.W.3d 181,

186 (Ky. App. 2003), *as modified* (Jun. 27, 2003).  There is no such thing as "technical violation" of the UCSPA.  *Id*. (citation omitted).  "Before the cause of action [for bad faith] exists in the first place, there must be evidence sufficient to warrant punitive damages[.]"  *Id*.  "This means there must be sufficient evidence of *intentional misconduct or reckless disregard of the rights of an insured or a claimant to warrant submitting the right to award punitive damages to the jury*."  *Id*. (emphasis in original).

> Evidence must demonstrate that an insurer has engaged in outrageous conduct toward its insured.  Furthermore, the conduct must be driven by evil motives or by an indifference to its insureds' rights. . . . .  Evidence of mere negligence or failure to pay a claim in timely fashion will not suffice to support a claim for bad faith.  Inadvertence, sloppiness, or tardiness will not suffice; instead, the element of malice or flagrant malfeasance must be shown.

*Id.*

The Barnetts have made no specific allegations of bad faith or how it manifested itself in KFB's behavior towards them.  Their complaint tracks the language of KRS 304.12-230, but they have not suggested how KFB's reliance on the Bowser Morner report to reject their claim was evidence of bad faith.

"[A] party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial."  *Steelvest*, 807 S.W.2d at 482.  The Barnetts have failed to present any affirmative evidence of the type of conduct

-7-

of KFB's part that would meet this standard.  The Bowser Morner report provided a reasonable b

that the company would have had no monetary interest in denying the claim.  The

Barnetts have offered no evidence whatsoever that KFB acted with an evil motive

or with reckless indifference to their rights nor have they suggested where such

evidence may be found or what the nature of such evidence might be.  They simply

have not met the evidentiary threshold to state a claim for bad faith under the

UCSPA.

Because, at the outset, we find that the Barnetts failed to state a claim

for which relief can be granted, we need not analyze the application of any statute

of limitations.  The circuit court was correct in granting KFB's motion for

summary judgment.

## **CONCLUSION**

For the foregoing reasons, the order granting summary judgment to

KFB is affirmed.


ALL CONCUR.


BRIEF FOR APPELLANT:               BRIEF FOR APPELLEE:

William M. Cox, Jr.                       Mike Moore
Madisonville, Kentucky              Paducah, Kentucky